UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ROY F. GREENLAND,

    Plaintiff,

v                                                                                                  Case No. 5:06-cv-02

VAN RU CREDIT CORPORATION,                                          Hon. Wendell A. Miles
CALIFORNIA STUDENT AID COMMISSION,
U.S. DEPARTMENT OF EDUCATION, and
U.S. DEPARTMENT OF TREASURY,

    Defendants.
_____/


**OPINION AND ORDER ON
DEFENDANT U.S. DEPARTMENT OF TREASURY'S
MOTION TO DISMISS**


Plaintiff Roy F. Greenland has filed this action against various defendants, asserting claims under federal statutory and state statutory and common law based on what he alleges are improper attempts to collect his federally-guaranteed student loans. The matter is currently before the court on a motion to dismiss filed by the United States Department of Treasury ("USDT") (docket no. 24). Plaintiff has opposed the motion.

For the reasons to follow, the court GRANTS the motion.


**I**

In his amended complaint, plaintiff alleges that in 1983 and prior years he obtained student loans which were or may have been guaranteed by the United States Department of Education ("USDE"). Plaintiff further alleges that on February 22, 1988, he filed a petition for

bankruptcy protection under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Utah. Although plaintiff's amended pleading does not specifically allege that his student loan debt was discharged in that proceeding, plaintiff does allege that he neither made payments on nor acknowledged the existence or validity of the debt after 1988.

Plaintiff alleges that in 2005, he began receiving correspondence from various of the defendants regarding collection of his defaulted student loans. According to the amended complaint, plaintiff's wages have been garnished to satisfy the debt, and plaintiff has also been notified by the USDT that his tax refund and any other federal payments will be used to offset the debt. Although not a model of clarity, plaintiff's amended pleading appears to assert claims against the USDE, USDT, and others based on federal statutory and state statutory and common law. Specifically, plaintiff alleges violation by the defendants of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Michigan Collections Practices Act ("MCPA"), M.C.L. § 445.257. Plaintiff also asserts a state common law claim of conversion. As relief, plaintiff seeks injunctive relief barring any future wage or tax refund withholdings, in addition to monetary damages.

**II**

Plaintiff has sued the USDT in this action in order to challenge the collection of his student loan debt through an offset of his federal tax refund. The USDT has moved for dismissal under both Fed.R.Civ.P. 12(b)(1) and (6). However, because the court concludes that it lacks subject matter jurisdiction over plaintiff's claim against the USDT, the court has no need to address whether plaintiff's amended pleading states a cognizable claim against that defendant.

Fed.R.Civ.P. 12(b)(1) provides that a party may make a motion for dismissal based on lack of subject matter jurisdiction.  A motion to dismiss pursuant to Rule 12(b)(1) may either attack the claim of jurisdiction on its face or it can attack the factual basis of jurisdiction. Golden v. Gorno Bros., Inc., 410 F.3d 879, 881 (6th Cir. 2005); DLX, Inc. v. Kentucky, 381 F.3d 511, 516 (6th Cir. 2004); Ohio Nat. Life Ins. Co. v. U.S., 922 F.2d 320, 325 (6th Cir. 1990). Here, the USDT's motion presents a facial challenge to jurisdiction over it.

Where the defendant mounts a facial attack on subject matter jurisdiction, the court must take the allegations in the complaint as true and construe them in the light most favorable to the non-moving party.  U.S. v. A.D. Roe Co., Inc., 186 F.3d 717, 721-722 (6th Cir. 1999); United States v. Ritchie, 15 F.3d 592, 598 (6th Cir.1994).  The approach followed in reviewing such a facial attack, in which the court takes the allegations in the complaint as true,  is therefore similar to that employed under 12(b)(6) motions to dismiss.  DLX, 381 F.3d at 516.  However, in another critical respect motions under Rule 12(b)(1) differ from motions under Rule 12(b)(6). When the defendant challenges subject matter jurisdiction through a motion to dismiss under Rule12(b)(1), the plaintiff bears the burden of establishing that the court has subject matter jurisdiction over his claim.  Hedgepeth v. Tennessee, 215 F.3d 608, 611 (6th Cir. 2000); Whittle v. U.S.,  7 F.3d 1259, 1262 (6th Cir.1993); Moir v. Greater Cleveland Reg'l Transit Auth., 895 F.2d 266, 269 (6th Cir.1990); Rogers v. Stratton Ind., Inc., 798 F.2d 913, 915 (6th Cir. 1986).

Through his amended complaint, plaintiff has challenged the collection of his student loan debt through the offset of his federal tax refund.  By statute, federal agencies owed a past-due, legally enforceable debt by any person are required to inform the USDT of the monies owed.  31 U.S.C. § 3720A(a).  Upon receiving such information, the USDT determines whether

the debtor is owed a federal tax refund. 31 U.S.C. § 3720A(c). If a refund is payable, the USDT must reduce or offset the debtor's refund by an amount equal to the debt. Id.

As in any case where a government entity is sued, the court must begin by noting the limits on federal jurisdiction imposed by sovereign immunity. See Hercules, Inc. v. United States, 516 U.S. 417, 422, 116 S.Ct. 981, 985 (1996). Under the doctrine of sovereign immunity "the United States, as sovereign, 'is immune from suit save as it consents to be sued ... and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" United States v. Testan, 424 U.S. 392, 399, 96 S.Ct. 948, 953 (1976) (quoting United States v. Sherwood, 312 U.S. 584, 586, 61 S.Ct. 767, 769 (1941)); see also United States v. Mitchell, 463 U.S. 206, 212, 103 S.Ct. 2961, 2965 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction") (footnote omitted); Federal Exp. Corp. v. U.S. Postal Service, 151 F.3d 536, 539 (6th Cir. 1998) ("The federal courts may exercise subject matter jurisdiction over a cause prosecuted against a federal agency only if the United States has consented to be sued by waiving sovereign immunity"); United Liberty Life Ins. Co. v. Ryan, 985 F.2d 1320, 1325 (6th Cir.1993) ("The doctrine of sovereign immunity serves as a bar to suit against the United States unless the government has explicitly waived sovereign immunity"). Consent, i.e., waiver of sovereign immunity, "cannot be implied but must be unequivocally expressed." United States v. King, 395 U.S. 1, 4, 89 S.Ct. 1501, 1503 (1969); see also Beamon v. Brown, 125 F.3d 965, 967 (6th Cir. 1997) (waiver "must be clear, express, and unambiguous") (internal quotation omitted). "A waiver of sovereign immunity must be unequivocally expressed in the statutory text ... and will not be implied." Lane v. Pena, 518 U.S. 187, 192, 116 S.Ct. 2092, 2096 (1996) (citations

omitted). "Moreover, a waiver of the Government's sovereign immunity will be strictly construed, in terms of scope, in favor of the sovereign." Id. (citations omitted); see also United States v. Certain Land Situated in the City of Detroit, Wayne County, Michigan, 361 F.3d 305, 307 (6th Cir. 2004). Absent express statutory authority from Congress, dismissal is required because federal courts lack subject matter jurisdiction over claims against the government to which the Congress has not consented.

It is indisputable that plaintiff's suit against the USDT is one against the United States. Even where the United States is not a named party, "[t]he general rule is that a suit is against the sovereign if 'the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration,' ... or if the effect of the judgment would be 'to restrain the Government from acting, or to compel it to act.'" Dugan v. Rank, 372 U.S. 609, 620, 83 S.Ct. 999, 1006 (1963) (citations omitted). Sovereign immunity extends to agencies of the United States, which are immune absent a showing of waiver. Whittle, 7 F.3d at 1262. Here, although the USDT and USDE, and not the United States, are named parties, an executive department or agency of the United States may only be sued in its own name if the authority to be sued has been expressly been conferred by Congress. See Blackmar v. Guerre, 342 U.S. 512, 514-15, 72 S.Ct. 410, 411-412 (1952) ("When Congress authorizes one of its agencies to be sued eo nomine, it does so in explicit language, or impliedly because the agency is the offspring of such a suable entity"). Because plaintiff's claim against the USDT is a claim against the United States, the doctrine of sovereign immunity applies and plaintiff bears the burden of establishing an express waiver of sovereign immunity.

Here, plaintiff has pointed to no statute in which Congress has expressly authorized suit

against the USDT or any of its divisions for claims arising from a tax refund offset.  Plaintiff's response to the USDT's motion does not identify any federal statute as providing a basis for his claim against the department.  The court has, therefore, looked to plaintiff's pleadings to determine whether a basis for federal jurisdiction over the USDT exists.  Plaintiff's amended complaint asserts that this court has jurisdiction over this action under three statutes:  28 U.S.C. §§ 1331 and 1441, and 15 U.S.C. § 1692k(d).  Amended Complaint at 2, ¶ 5.

Title 28 U.S.C. § 1331 provides that district courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  This statute is, of course, the general jurisdictional statute for federal questions.  However, section 1331 is not a general waiver of sovereign immunity; it merely establishes a subject matter that is within the competence of federal courts to entertain.  Whittle, 7 F.3d at 1262.  General jurisdictional statutes do not constitute a waiver of sovereign immunity.  Devries v. I.R.S., 359 F.Supp.2d 988, 992 (E.D.Cal. 2005); see United States v. Nordic Village, Inc., 503 U.S. 30, 37-38, 112 S.Ct. 1011, 1016 (1992) (rejecting argument that sovereign's exposure to suit is not governed by specific statutory language but may be concealed in a "broad jurisdictional grant"); see also Certain Land Situated in Detroit, 361 F.3d at 307 (6th Cir. 2004) (grant of supplemental jurisdiction contained in 28 U.S.C. § 1367 did not constitute a waiver of sovereign immunity).

In addition to 28 U.S.C. § 1331, plaintiff's amended pleading invokes 28 U.S.C. § 1441 in support of jurisdiction.  Section § 1441 is the federal removal statute, which authorizes a defendant to remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  However, this is no removal action.  Plaintiff has not identified any pending State court civil action in which he has been

made a defendant, by the USDT or anyone else.  Therefore, section 1441 simply does not apply here.

Finally, plaintiff's amended complaint also invokes 15 U.S.C. § 1692k(d) as a basis for federal jurisdiction.  This provision is part of the FDCPA, which prohibits a "debt collector" from using "unfair or unconscionable means to collect or attempt to collect any debt."  15 U.S.C. § 1692f.  The FDCPA contains a jurisdictional provision, which permits actions under the statute to be brought "in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction[.]"  15 U.S.C.A. § 1692k(d).  However, given that the definitional section of the FDCPA expressly excludes United States' officers and employees from the statute's provisions, see 15 U.S.C. § 1692a(6)(c) (term "debt collector" excludes "any officer or employee of the United States or any State to the extent that collecting or attempting to collect any debt is in the performance of his official duties"), the statute can by no means be construed to contain an express waiver of sovereign immunity.  The FDCPA therefore provides no basis for federal jurisdiction over the USDT in this action.

As the USDT has noted in its motion, Congress has expressly precluded review of the USDT's actions with respect to the offsetting of federal income tax refunds.  Title 26 U.S.C. § 6402(f) provides in pertinent part as follows:

> **Review of reductions.**– No court of the United States shall have jurisdiction to hear any action, whether legal or equitable, brought to restrain or review a reduction authorized by subsection (c), (d), or (e). No such reduction shall be subject to review by the Secretary in an administrative proceeding. No action brought against the United States to recover the amount of any such reduction shall be considered to be a suit for refund of tax. This subsection does not preclude any legal, equitable, or administrative action against the Federal agency or State to which the amount of such reduction was paid . . . .

This statute deprives this court of jurisdiction over cases in which the plaintiff seeks review of the USDT's interception and reduction of a tax refund. Satorius v. United States Dept. of Treasury, 671 F. Supp. 592, 594 (E.D. Wis. 1987); Richardson v. Baker, 663 F. Supp. 651, 655 (S.D.N.Y. 1987).[1]  Although section 6402(f) on its face does not prohibit an aggrieved person from seeking recourse from the federal agency to whom the offset was paid – in this instance, the USDE , see, e.g., Thomas v. Bennett, 856 F.2d 1165, 1167-1168 (8th Cir. 1988) (suit brought against department requesting setoff, the USDE, was properly within the jurisdiction of the court) – the statute expressly prohibits federal courts from exercising jurisdiction in an action to restrain or review an offset.

Despite the USDT's clear invocation of § 6402(f), plaintiff chooses to ignore the jurisdictional challenge.  Instead, he argues only the merits of his claim, essentially contending that he has a valid claim against the USDT because the proper administrative procedures were not followed in establishing the offset pursuant to 31 C.F.R. § 285.2.  However, assuming (without deciding) that this argument would have merit if made against another defendant other than the USDT, the applicable regulation follows the statutory language in expressly exempting offsets from judicial review.  See 31 C.F.R. § 285.2(j) ("Any reduction of a taxpayer's refund made pursuant to 26 U.S.C. § 6402(d) shall not be subject to review by any court of the United States or by the Secretary of the Treasury, FMS, or IRS in an administrative proceeding"). Plaintiff has pointed to no federal statute which waives the sovereign immunity of the USDT for

---

[1] Both Satorius v. United States Dept. of Treasury, 671 F. Supp. 594 (E.D. Wis. 1987) and Richardson v. Baker, 663 F. Supp. 651, 655 (S.D.N.Y. 1987) were decided before a 1998 amendment to section 6402 redesignated the former subsection (e) of the statute as the current subsection (f). The substance of the statutory language remains unchanged.

failing to follow the proper procedures in implementing an offset.

Although plaintiff has not invoked the Administrative Procedure Act ("APA"), 7 U.S.C. § 702, the court has considered whether this statute provides a basis for jurisdiction over plaintiff's claim against the USDT. However, given the express provision of 26 U.S.C. § 6402(f), the APA, which generally authorizes judicial review of agency action, does not provide a basis for jurisdiction or a waiver of the sovereign immunity of the USDT in this instance. The APA's "broad waiver of sovereign immunity" does not apply to cases in which statutes preclude judicial review. Beamon, 125 F.3d at 967. Specifically, 5 U.S.C.A. § 702 provides as follows:

> A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof. An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party. The United States may be named as a defendant in any such action, and a judgment or decree may be entered against the United States: Provided, That any mandatory or injunctive decree shall specify the Federal officer or officers (by name or by title), and their successors in office, personally responsible for compliance. *Nothing herein (1) affects other limitations on judicial review or the power or duty of the court to dismiss any action or deny relief on any other appropriate legal or equitable ground; or (2) confers authority to grant relief if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought.*

(emphasis supplied). Because 26 U.S.C. § 6402(f) expressly provides that offsets are not subject to review – clearly specifying that "[n]o such reduction shall be subject to review by the Secretary [of Treasury] in an administrative proceeding" – the APA does not provide for suit

against the USDT in this instance.[2]

Finally, although plaintiff has asserted state law claims, these afford no basis for jurisdiction over the USDT. Even if the MCPA could be construed to apply here, Michigan cannot by statute abrogate the sovereign immunity of a federal agency. In addition, even though plaintiff asserts a common law claim of conversion – a tort claim – the Federal Tort Claims Act ("FTCA") provides no waiver under the circumstances presented. The FTCA does not authorize suits against a federal agency in its own name. See 28 U.S.C. § 2679(a) ("The authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are cognizable under section 1346(b) of this title, and the remedies provided by this title in such cases shall be exclusive"). The United States is the only proper defendant in an action under the FTCA, and, therefore, "[f]ailure to name the United States as a defendant in an FTCA suit results in a fatal lack of jurisdiction." Allgeier v. United States, 909 F.2d 869, 871 (6th Cir.1990). Plaintiff has not named the United States as a defendant. Therefore, the FTCA provides no basis for jurisdiction over plaintiff's claim regarding the offset of his tax refund.

In summary, plaintiff has failed in his burden to establish subject matter jurisdiction over his claims against the USDT, for he has identified no provision of law which establishes an unequivocal textual waiver of the USDT's sovereign immunity with respect to claims arising from an offset of plaintiff's tax refund. Because Congress has not authorized this court to

---

[2]In Omegbu v. United States Dept. of Treasury, No. 04-1814, 118 Fed. Appx. 989 (7th Cir. Dec. 16, 2004), an unpublished decision, a Seventh Circuit panel concluded that the APA, 5 U.S.C. § 702, provided a waiver of the plaintiff's suit for injunctive relief against the USDT for claims arising from an offset. However, that particular holding is in error. Because Omegbu is an unpublished decision from another circuit, this court declines to follow its erroneous holding.

adjudicate plaintiff's claims against the USDT, those claims are subject to dismissal for lack of subject matter jurisdiction.

## Conclusion

This court lacks jurisdiction over the subject matter of plaintiff's claims against the USDT arising from the offset of his tax refund. The USDT's motion for dismissal under Fed.R.Civ.P. 12(b)(1) is therefore GRANTED.

So ordered this 10th day of October, 2006.

/s/ Wendell A. Miles
Wendell A. Miles
Senior U.S. District Judge