UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROY F. GREENLAND,

        Plaintiff,

                                                Case No. 5:06-cv-2

v.

                                                Hon. Wendell A. Miles

VAN RU CREDIT CORPORATION,
CALIFORNIA STUDENT AID COMMISSION,
EATON RAPIDS PUBLIC SCHOOLS,
UNITED STATES DEPARTMENT OF EDUCATION,
and UNITED STATES DEPARTMENT OF TREASURY,

        Defendants.

                                                        /

OPINION AND ORDER

        This matter is before the court on (1) a Motion to Dismiss or Alternatively, Motion for Summary Judgment filed by the United States Department of Education (docket # 48), and (2) Motion for Summary Judgment filed by Van Ru Credit Corporation and California Student Aid Commission (docket # 50).  For the reasons that follow, the court grants both motions.

        Plaintiff filed this suit alleging violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, and Michigan state law.  The defendants in this case include the United States Department of Education (USDOE), California Student Aid Commission (CSAC), and Van Ru Credit Corporation (Van Ru).[1]  CSAC is a guaranty agency responsible for

---

[1] Plaintiff's employer, Eaton Rapids School District, was dismissed without prejudice on March 31, 2006, (docket #15), and the United States Department of Treasury was dismissed as a defendant on October 10, 2006.  (Docket #43).

administering financial aid programs for students. CSAC functions as one of the guaranty agencies for the Federal Family Education Loan Program on behalf of the Department of Education. Van Ru is one of several private collection agencies retained by the Department of Education to collect defaulted student loans. Van Ru was retained by EdFund, CSAC's auxiliary provider, to collect Plaintiff's defaulted student loans.

## Background

For some number of years through and including 1983, Plaintiff received student loans through Marine Bank of Buffalo, New York and American Education Services of Harrisburg, Pennsylvania. The loans were guaranteed by the USDOE. Plaintiff apparently made the required payments for several years. However, on February 22,1988, he filed for Chapter 7 bankruptcy relief, owing Marine Midland Bank $25,191.60, and American Education Services $6,857.03. After he was granted a discharge in the bankruptcy proceeding on June 7, 1988, he made no further payments on the student loans.[2]

Plaintiff received a letter from Van Ru dated February 28, 2005, advising that it was a debt collector attempting to collect a debt in the amount of $11,059.78, and identifying the creditor as Edfund. (Amend. Comp., Ex. 1). Later, Plaintiff received a "Notice Prior to Wage Withholding" from the CSAC dated March 7, 2005, stating that his wages would be garnished unless he took action to pay his defaulted student loans, and indicating that the amount owed was $11,067.47. The notice informed Plaintiff that he must make arrangements for payment with Van Ru. (Amend. Comp. Ex. 2). Plaintiff's employer received an "Order of Withholding From

---

[2]Plaintiff does not contend that his student loans were discharged pursuant to 11 U.S.C. § 523a(8)(B), which permits the bankruptcy court to discharge a student loan not otherwise dischargeable if "excepting such a debt from discharge . . . will impose undue hardship on the debtor and the debtor's dependents."

Earnings" dated May 12, 2005, printed on CSAC stationery. The Order directed Plaintiff's employer to pay all amounts withheld from Plaintiff's salary to Van Ru. Although the order was not signed, the final sentence of the document stated, "Agent for California Student Aid Commission: Van Ru Credit Corporation." (Amend. Compl. Ex. 3). Plaintiff's employer garnished Plaintiff's wages and forwarded payments to Van Ru.

Plaintiff received a document dated August 12, 2005, from the CSAC stating that the Department of Education "holds a claim against you for defaulted student loan(s) which it intends to collect by offset." The amount owed was shown as $8,738.01. For a current balance and repayment options, Plaintiff was directed to contact Van Ru; for a request for documents or a hearing, Plaintiff was directed to contact Edfund. (Amend. Compl. Ex. 4). By letter dated September 23, 2005, the internal collections unit of the CSAC informed Plaintiff that "Edfund, the California Student Aid Commission's auxiliary services provider" had assigned Plaintiff's defaulted student loans to Van Ru, and that all further communications should be with Van Ru. (Amend. Compl. Ex. 5). Van Ru sent Plaintiff a letter dated November 7, 2005, advising that it was a debt collector and was attempting to collect a debt on behalf of creditor Edfund. (Amend. Compl. Ex. 6). Finally, Plaintiff received a communication from the United States Department of the Treasury advising that it had applied all or part of Plaintiff's tax refund to a debt owed to the Department of Education, care of Edfund, a service of the CSAC. (Amend. Compl. Ex. 7).

Plaintiff filed the present action, asserting the following four claims:

(1) attempts to collect Plaintiff's student loan debt by Van Ru Credit Corporation and California Student Aid Commission are barred by Michigan's statute of limitations, MCL 600.5809(8), and equitable laches, MCL (Amend. Compl. ##18,19);

(2) the forms used by Defendants are prohibited by Michigan's Regulation of

>   Collection Practices (MRCP), MCL § 445.252, and the Fair Debt Collection Act (FDCPA), 15 U.S.C. § 1692 (Amend. Compl. # 20);
>
> (3) Van Ru claims to have authority to garnish Plaintiff's wages in violation of MRCP, § 445.252 and the FDCPA, §§ 1692(f) and (j) (Amend. Compl. # 22); and finally,
>
> (4) the garnishment of Plaintiff's wages and the offsetting of his tax return constitute unlawful conversions (Amend. Compl. ## 23-26).

Plaintiff seeks an order enjoining any further wage garnishments or withholding of tax refunds, and damages equal to the amount garnished from his wages and offset from his tax refund. Plaintiff bases the court's jurisdiction over this matter on 28 U.S.C. §§ 1331 and 1441, and 15 U.S.C. § 1692k(d). Defendant USDOE brings its motion under Federal Rules of Civil Procedure 12(b)(1) and 56, arguing that the court lacks subject matter jurisdiction over this action, but even assuming jurisdiction, the complaint fails to state a claim against the USDOE. Van Ru brings its motion for summary judgment under Rule 56.

### I.  UNITED STATES DEPARTMENT OF EDUCATION

#### Subject matter jurisdiction

Federal Rule of Civil Procedure 12(b)(1) provides that a party may make a motion for dismissal based on lack of subject matter jurisdiction. A motion to dismiss under Rule 12(b)(1) may either attack the claim of jurisdiction on its face or attack the factual basis of jurisdiction. Golden v. Gorno Bros., Inc., 410 F.3d 879, 881 (6th Cir. 2005); DXL, Inc. v. Kentucky, 381 F.3d 511, 516 (6th Cir. 2004). The USDOE's motion presents a facial challenge to jurisdiction.

Where the defendant mounts a facial attack on subject matter jurisdiction, the court must take the allegations in the complaint as true and construe them in the light most favorable to the non-moving party. U.S. v. A.D. Roe Co., Inc., 186 F.3d 717, 721-22 (6th Cir. 1999). Thus, the

standard of review of a facial attack on jurisdiction is similar to that employed for a motion to dismiss under Rule 12(b)(6). DXL, 381 F.3d at 516. However, when the defendant challenges subject matter jurisdiction by a motion to dismiss under Rule 12(b)(6), the plaintiff bears the burden of establishing that the court has subject matter jurisdiction over the claims. Hedgepeth v. Tennessee, 215 F.3d 608, 611 (6th Cir. 2000); Whittle v. U.S., 7 F.3d 1259, 1262 (6th Cir. 1993).

      Plaintiff has not met his burden of establishing that the court has subject matter over his claims against the USDOE. The doctrine of sovereign immunity bars an individual from suing the United States without its consent. See United States v. Mitchell, 445 U.S. 535, 538, 100 S.Ct. 1349 (1980) ("It is elementary that '[the] United States as sovereign, is immune from suit save as it consents to be sued . . . , and terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit,'" quoting United States v. Sherwood, 312 U.S. 584, 586, 61 S. Ct. 767 (1941). "Sovereign immunity is a jurisdictional bar, and a 'waiver of sovereign immunity is to be construed strictly and limited to its express terms.'" United States v. Testan, 424 U.S. 392, 399, 96 S.Ct. 948 (1976), quoting United States v. King, 395 U.S. 1, 4, 89 S.Ct. 1501 (1969). A waiver of sovereign immunity cannot be implied but must be unequivocally expressed. Lane v. Pena, 518 U.S. 187, 192, 116 S.Ct. 2092, 2096 (1996) (citations omitted). In the absence of such a waiver, "sovereign immunity shields the Federal Government and its agencies from suit." Dorking Genetics v. United States, 76 F.3d 1261, 1263 (2d Cir. 1996), citing FDIC v. Meyer, 510 471, 475, 114 S.Ct. 996 (1994). Not withstanding that the United States is not a named party here, "a suit is against the sovereign if "the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration . . . or

if the effect of the judgment would be to restrain the government from acting, or to compel it to act." Dugan v. Rank, 372 U.S. 609, 620, 83 S.Ct. 999, 1006 (1963) (citations omitted); and see Whittle v. United States, 7 F.3d 1259, 1262 (6th Cir. 1993).

Plaintiff's reliance on 28 U.S.C. §§ 1331 and 1441, and 15 U.S.C. § 1692k(d) as establishing the United States's waiver of sovereign immunity is unavailing.  Title 28 U.S.C. § 1331 provides the district courts with "original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States."  The statute is the general jurisdictional statute for federal questions, but is not a waiver of sovereign immunity.  Whittle, 7 F.3d at 1262. Neither the federal question statute nor the Constitution operate in and of themselves as a waiver of sovereign immunity.  Doe v. Civiletti, 635 F.2d 88, 94 (2d Cir.1980); Garcia v. United States, 666 F.2d 960, 966 (5th Cir. 1982); Jaffee v. United States, 592 F.2d 712, 715-18 (3d Cir. 1979); and see United States v. Nordic Village, Inc., 503 U.S. 30, 37-38, 112 S.Ct. 1011, 1016 (1992) (rejecting argument that sovereign's exposure to suit is not governed by specific statutory language but may be concealed in a "broad jurisdictional grant").[3]

Section 1441 of Title 28 is the federal removal statute that authorizes a defendant to remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  Because this case is not a removal action, section 1441 simply does not apply.

As his third basis for jurisdiction, Plaintiff invokes 15 U.S.C. § 1692k(d).  This provision of the FDCPA permits actions under the statute to be brought "in any appropriate United States

---

[3]Although not invoked by Plaintiff, 28 U.S.C. § 1332, which governs diversity actions, likewise does not waive the United States' sovereign immunity. See Nishibayaski v. England, 360 F.Supp.2d 1095, 1101 (D.Haw. 2005) ("[B]ecause section 1332 is not in itself a waiver of sovereign immunity, Plaintiff must demonstrate that the claim being asserted is covered by a specific statutory authorization to sue the United States").

district court without regard to the amount in controversy, or in any other court of competent jurisdiction [.]" 15 U.S.C. § 1692k(d). However, section 1692a(6)(c) of the FDCPA expressly provides that the term "debt collector" excludes "any officer or employee of the United States or any State to the extent that collecting or attempting to collect any debt is in the performance of his official duties." 15 U.S.C. § 1692a(6)(c). Accordingly, section 1692k(d) clearly cannot be construed as an express waiver of sovereign immunity.

Although Plaintiff has asserted state law claims including the tort of conversion, these do not provide a basis for jurisdiction over the USDOE. The Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671 et seq., provides a limited waiver of the United States sovereign immunity for certain state tort actions. However, the FTCA does not authorize suits against a federal agency in its own name. See 28 U.S.C. § 2679(a) ("The authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are cognizable under section 1346(b) . . . "). The United States is the only proper defendant in an action under the FTCA, and, therefore, "[f]ailure to name the United States as a defendant in an FTCA suit results in a fatal lack of jurisdiction." Allgeier v. United States, 909 F.2d 869, 871 (6th Cir. 1990); and see F.D.I.C. v. Meyer, 510 U.S. 471, 476-77, 114 S.Ct. 996 (1994). Because Plaintiff has not named the United States as a defendant, the court finds that the FTCA does not provide a basis for subject matter jurisdiction over Plaintiff's tort claims against the USDOE.

As Plaintiff has failed to establish any basis upon which this court has subject matter jurisdiction, the USDEO is entitled to dismissal under Rule 12(b)(1).

<u>Merits</u>

Although the court's decision on the jurisdictional question is dispositive, the court notes that even assuming this court had subject matter jurisdiction over Plaintiff's claims against the USDOE, summary judgment in favor of the USDOE would be appropriate. First, Plaintiff claims that attempts to collect his student loan debt are barred by Michigan's statute of limitations, MCL 600.5809(8), and equitable laches. The 1991 amendments to the Higher Education Act, 20 U.S.C. § 1091a, eliminated all statute of limitations and laches defenses for the collection of student loans. Section 1091a states that the purpose of the subsection is to provide that the repayment of loans are enforced regardless of any federal or state statutory, regulatory, or administrative limitation which might otherwise "terminate the period of time within which suit may be filed, a judgment may be enforced, or an offset, garnishment, or other action initiated." 20 U.S.C. § 1091a(1) and (2); see Millard v. United Student Aid Funds, Inc., 66 F.3d 252, 253 (9th Cir. 1995); United States v. Lawrence, 276 F.3d 193, 196 (5th Cir. 2001) ("§ 1091a also extends to eliminate the equitable defense of laches"). In addition, section 1091a has retroactive effect. United States v. Phillips, 20 F.3d 1005, 1007 (9th Cir. 1994) (holding that Congress made the 1991 amendments effective such as to revive all actions which would have otherwise been time-barred); United States v. Hodges, 999 F.2d 341, 341-42 (8th Cir. 1993); United States v. Glockson, 998 F.2d 896 (11th Cir. 1993). Therefore, neither the State's statute of limitations nor equitable laches precludes the USDOE from attempting to collect Plaintiff's student loan debt.

Next, Plaintiff claims that the forms Defendants used are prohibited by the FDCPA and state law. The FDCPA protects debtors from the improper practices of "debt collectors." The USDOE, however, is not a "debt collector" as defined by the statute. The term "debt collector"

is limited to third parties who attempt to recoup debts owed to "another," but a creditor who collects its own debt using its own name is not a "debt collector."  15 U.S.C. § 1692a(6); MacDermid v. Discover Financial Services, 488 F.3d 721, 734 (6th Cir. 2007); Catencamp v. Cendant Timeshare Resort Group-Consumer Fin., Inc., 471 F.3d 780, 781 (7th Cir. 2006).  Also excluded from the definition of "debt collector" is "any officer or employee of the United States or any State to the extent that collecting or attempting to collect any debt is in the performance of his official duties."  15 U.S.C. § 1692a(6)(C).  Accordingly, this claim against the USDOE has no merit.

Plaintiff's third claim is specifically brought solely against Van Ru.[4]  His final claim is for the tort of conversion.  The FTCA provides that an "action shall not be instituted upon a claim against the United States for money damages . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail."  28 U.S.C. § 2675(a).  Thus, filing an administrative claim is a jurisdictional prerequisite to maintaining an action against the government.  Lundstrum v. Lyng, 954 F.2d 1142, 1145 (6th Cir. 1991) ("A prerequisite to suit under the FTCA . . . is the exhaustion by the plaintiff of administrative remedies"); Rogers v. United States, 657 F.2d 123, 124 (6th Cir. 1982).  The burden is on the plaintiff seeking recovery under the FTCA to plead and prove compliance with this prerequisite.  Johnson v. The Smithsonian Institution, 189 F.3d 180, 188 (2d Cir. 1999).  Because Plaintiff does not allege that he, at any time, filed an administrative claim with the USDOE, nor has he

---

[4]Plaintiff's third claim is that Van Ru claims to have authority to garnish Plaintiff's wages in violation of MRCP, § 445.252 and the FDCPA, §§ 1692(f) and (j)

provided any other evidence to show that he has properly filed an administrative claim, the court finds that Plaintiff is precluded from bringing his conversion claim against the USDOE.

## II.  VAN RU CREDIT CORPORATION

Van Ru brings its motion for summary judgment under Federal Rule of Civil Procedure 56.  Rule 56(c) provides that "[s]ummary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  In considering a motion for summary judgment, the court must construe the evidence and draw all reasonable inferences in favor of the nonmoving party.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1996).  The plain language of Rule 56(c) mandates the entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which the party will bear the burden of proof at trial.  Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  The party opposing the motion for summary judgment "may not rest upon mere allegations or denials of his pleading, but ... must set forth specific facts showing that there is a genuine issue for trial."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  "If after reviewing the record as a whole a rational factfinder could not find for the nonmoving party, summary judgment is appropriate."  Braithwaite v. The Tinken Co., 258 F. 3d 488, 493 (6th Cir. 2001).

Plaintiff claims that attempts to collect his student loan debt are barred by Michigan's statute of limitations, MCL 600.5809(8), and equitable laches. (Amend. Compl. ## 18,19).  For the reasons discussed in regard to the USDOE on this issue, the claim has no merit.  Title 20

U.S.C. § 1091a(1) states that the purpose of the subsection is to provide that the repayment of loans are enforced regardless of any federal or state statutory, regulatory, or administrative limitation which might otherwise "terminate the period of time within which suit may be filed, a judgment may be enforced, or an offset, garnishment, or other action initiated."  It is well settled that since this provision was enacted, there is no statute of limitations for student loan collection actions,  United States v. Cawley, 821 F.Supp. 1219, 1222 (E.D. Mich. 1993); see also United States v. Lawrence, 276 F.3d 193, 196 (5th Cir. 2001); United States v. Phillips, 20 F.3d 1005, 1007 (9th Cir. 1994) (in eliminating the statute of limitations, Congress "also revived all actions which would have otherwise been time-barred"); United States v. Hodges, 999 F.2d 341, 341-42 (8th cir. 1993), nor does the doctrine of laches apply.  Texaco Puerto Rico, Inc. V. Dep't of Consumer Affairs, 60 F.3d 867, 878 (1st Cir. 1995); United States v.Robbins, 819 F. Supp. 672, 676 (E.D. Mich. 1993) ("laches cannot be applied to contract actions brought to recover student loans that are subject to 20 U.S.C. § 1091a(a)").

Plaintiff also claims that the forms Van Ru used to garnish his wages are prohibited by the FDCPA and state law. (Amend. Comp. # 20).  More specifically, he states that the "use of forms or instruments which simulate the appearance of judicial process; using seals or printed forms of a government agency or instrumentality; using forms that may otherwise induce the belief that they have judicial or official sanction; all are prohibited acts under . . . MCL 445.252 and 15 U.S.C. 1692 . . . ."  (Amend. Compl. # 20).  He argues that Van Ru used stationary which appears to be from the State of California and the CSAC, and which displayed the seal of the State of California.  (Amend. Comp. # 11).  In determining whether any particular conduct violates the FDCPA, the Sixth Circuit uses an objective test based on the understanding of the

11

least sophisticated consumer.  <u>Federal Home Loan Mortgage Corp. v. Lamar</u>, 503 F.3d 504, 509-10 (6th Cir. 2007); <u>Lewis v. ACB Business Services, Inc</u>., 135 F.3d 389, 400 (6th Cir. 1998).

The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors."  15 U.S.C. § 1692(e); <u>MacDermid v. Discover Financial Services</u>, 488 F.3d 721, 734 (6th Cir. 2007).  In furtherance of this goal, the Act prohibits the use of "false, deceptive, or misleading representation . . . ," including the "false representation or implication that the debt collector is vouched for, bonded by, or affiliated with the United States or any State . . . ."  15 U.S.C. § 1692c(1).  The Order of Withholding From Earnings (Amend. Compl. Ex. 3), is printed on stationary displaying the California state seal, the words "STATE OF CALIFORNIA," and "CALIFORNIA STUDENT AID COMMISSION - Post Default Services - Administrative Wage Garnishment."  The employer is merely directed to make the payments to Van Ru, but the document clearly states that the order is issued pursuant to authority granted by Federal law to the CSAC.  Because the CSAC is an agency of the State of California, there is nothing misleading or deceptive on the stationary which was used.  Moreover, the order identifies it as an "Administrative Wage Garnishment," and nothing indicates or implies that it is a court order.  Even an unsophisticated consumer would not be deceived by the document.

Next, Plaintiff contends that only the Secretary of Education is authorized to institute garnishment proceedings.  Accordingly, the garnishment of Plaintiff's wages by Van Ru was a violation of 15 U.S.C. § 1692 (f) and (j).  The CSAC, as a guaranty agency responsible for administering financial aid programs for students, is authorized by federal statute to administratively garnish wages.  The applicable federal statute provides in part that: "[n]otwithstanding any provision of State law, a guaranty agency . . . may garnish the disposable

pay of an individual to collect the amount owed by the individual, if he or she is not currently making required repayment under a repayment agreement . . . ."  20 U.S.C. § 1095a(a).  The "Order of Withholding From Wages," placed on CSAC letterhead, clearly states that the garnishment order was issued pursuant to authority granted to CSAC under 20 U.S.C. § 1095a.  The order merely directs the employer to pay the withheld amounts to Van Ru. (Amend. Compl. Ex. 3).  Plaintiff had previously been advised by letter on CSAC letterhead that CSAC "will order your employer to immediately withhold money from your pay . . . for payment of your defaulted student loans, unless you take the action set forth in this notice," and Plaintiff was directed to establish a written repayment agreement with Van Ru.  (Amend. Compl. Ex. 2).  Accordingly, it is clear that the garnishment order emanated from CSAC pursuant to its statutory authority.  Nothing in the garnishment order suggests that Van Ru was initiating the garnishment.

Lastly, Plaintiff claims that the garnishment of his wages constitutes unlawful conversion, which is a state law claim. (Amend. Comp. §§ 23-25).  "Under Michigan law, conversion is defined generally as 'any distinct act of domain wrongfully exerted over another's personal property in denial of or inconsistent with the rights therein.'" Murray Hill Publications, Inc. v.  ABC Communications, Inc., 264 F.3d 622, 637 (6th Cir. 2001), quoting Sarver v. Detroit Edison Co., 571 N.W.2d 759, 761, 225 Mich. App. 580 (Mich. Ct. App. 1997).  As previously noted, 20 U.S.C. § 1095a(a) authorizes a guaranty agency, such as CSAC, to garnish the wages of a student loan debtor who is in default.  Thus, when CSAC garnished Plaintiff's wages, it was not "wrongfully" exerting control over Plaintiff's property, and therefore, did not commit conversion as defined by Michigan law.

<u>Conclusion</u>

The court lacks subject matter jurisdiction over Plaintiff's claims against the USDOE. The USDOE's motion for dismissal under Federal Rule of Civil Procedure 12(b)(1) (docket # 48) is therefore GRANTED.

Further, there are no genuine issues of material fact, and Van Ru is entitled to judgment as a matter of law.  Van Ru's Motion for Summary Judgment (docket # 50) is therefore GRANTED.

So ordered this 29th day of November, 2007.

      /s/ Wendell A. Miles
Wendell A. Miles
Senior U.S. District Judge