UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ROY F. GREENLAND,

                Plaintiff,                        Case No. 5:06-cv-02

v.                                        Hon. Wendell A. Miles

VAN RU CREDIT CORPORATION,
CALIFORNIA STUDENT AID COMMISSION,
EATON RAPIDS PUBLIC SCHOOLS,
UNITED STATES DEPARTMENT OF EDUCATION,
and UNITED STATES DEPARTMENT OF TREASURY,

                Defendants.

_____/


OPINION AND ORDER

This matter is before the court on Plaintiff's Motion for Reconsideration (docket # 61) pursuant to Federal Rule of Civil Procedure 59 and/or 60.  Defendants have responded (docket # 64).   For the reasons that follow, the court denies the Plaintiff's motion for reconsideration.

Standard of Review

As the Sixth Circuit summarized in GenCorp, Inc. v. Amer. Int'l Underwriters, 178 F.3d 804, 833-34 (6th Cir. 1999), motions to alter or amend judgment under Rule 59(e) may be granted if there is (1) a clear error of law, Sault Ste. Marie Tribe of Chippewa Indians v. Engler, 146 F.3d 367, 374 (6th Cir. 1998), (2) newly discovered evidence, id., (3) an intervening change in controlling law, Collison v. Int'l Chem. Workers Union, Local 217, 34 F.3d 233, 236 (4th Cir. 1994), or (4) to prevent manifest injustice.  A Rule 60(b) motion may be granted for: (1) mistake, inadvertence, surprise, or excusable neglect, (2) newly discovered evidence, (3) fraud, mis-

representation, or the like, (4) the judgment is void, (5) the judgment has been satisfied, released, or discharged, or (6) any other reason justifying relief from the operation of the judgment.  When none of these first five enumerated examples of Rule 60(b) apply, relief may only be available when exceptional or extraordinary circumstances are present.  Cincinnati Ins. Co. v. Byers, 151 F.3d 574, 578 (6th Cir. 1998).

<u>Discussion</u>

Plaintiff filed this lawsuit in the Eaton County Circuit Court, and Defendants removed the case to federal court.  On November 29, 2007, the court entered an order granting summary judgment to Van Ru Credit Corporation and the United States Department of Education; on December 4, 2007, the court entered a supplemental order clarifying that summary judgment was also granted to the California Student Aid Commission.[1]   The court found that it lacked subject matter jurisdiction over Plaintiff's claims against the United States Department of Education, and the Van Ru Credit Corporation and California Student Aid Commission were entitled to judgment as a matter of law.

Plaintiff asks the court to reconsider its decision, arguing that "(1) seventeen years after the Plaintiff mistakenly believed his student loans had been discharged in bankruptcy, a collection agency, Van Ru Credit Corporation, begins collecting the loans through administrative wage garnishment, (2) private collection agencies cannot collect debts in the absence of judicial process," (Motion for Reconsideration, dkt. #61, ¶ 9), and (3) the court erred in concluding that Plaintiff did not name the United States as a defendant, contending that the United States has

---

[1]On March 31, 2006, the complaint was dismissed without prejudice against Eaton Rapids Public Schools, and Plaintiff was granted leave to amend his complaint.  In his amended complaint he added as defendants the United States Department of Education and United States Department of Treasury.  On October 10, 2006, the complaint was dismissed against the United States Department of Treasury for lack of subject matter jurisdiction.

made an appearance in this case.  (Id. at ¶¶ 5, 6).  Plaintiff's first argument raises a statute of limitations issue.  Plaintiff acknowledges that he erroneously believed that his student loan debts were discharged in his bankruptcy proceeding.  It is well settled that in 1991 the Higher Education Act, 20 U.S.C. § 1091a, abrogated all statutes of limitations on actions to collect defaulted federally-guaranteed student loans, and revived stale actions.  See 20 U.S.C. § 1091a(a); Millard v. United Student Aid Funds, Inc., 66 F.3d 252, 253 (9th Cir. 1995).  Section 1091a(a)(2) provides that:

> Notwithstanding any other provision of statute, regulation, or administrative limitation, no limitation shall terminate the period within which suit may be filed, a judgment may be enforced, or an offset, garnishment, or other action initiated or taken . . . .

Accordingly, Plaintiff's argument that the passage of seventeen years would preclude collecting the student loan debts has no merit.

Plaintiff next contends that under 20 U.S.C. § 1095(a) and 5 U.S.C. § 302, Van Ru Credit Corporation had no authority to initiate a wage garnishment for the purpose of collecting the student loan debts.  Section 1095(a) provides that only a guaranty agency or the Department of Education may garnish wages to collect student loans.  Section 302 provides that an agency does not have the authority to delegate non-judicial collection powers to a private collection agency.  The garnishment order (See Amend. Compl. Ex. 3) shows that the order was issued by the California Student Aid Commission, a guaranty agency, and merely directed the employer to send payments to Van Ru Credit Corporation.  Because the California Student Aid Commission did not delegate any power to Van Ru Credit Corporation, and Van Ru Credit Corporation did not assume authority to initiate a wage garnishment, the federal statutes cited by Plaintiff were not violated.

Finally, a review of Plaintiff's amended complaint establishes that he did not name the

United States as a defendant, nor does a review of the record reveal an appearance on behalf of the United States.

<u>Conclusion</u>

As Plaintiff has not met any of the requirements for setting aside a judgment under either Federal Rule of Civil Procedure 59 or 60(b), the court denies the motion for reconsideration. (docket. #61).

So ordered this 18th day of January, 2008.

<u>/s/ Wendell A. Miles</u>
Wendell A. Miles
Senior U.S. District Judge

4